IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| BRIANNA ANN SUNSHINE, aka, ) | |
| WILLIAM ALLEN LARUE, ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Civil Action No. 2:21-00241 |
| ) | |
| BETSY C. JIVIDEN, ) | |
| ) | |
| **Defendant.** ) | |

**O R D E R**

Pending before the Court is Defendant's "Motion to Seal" and Memorandum in Support (Document Nos. 43 and 44) filed on August 10, 2021. Defendant requests that the Court seal her Motion to Extend (Document No. 43-1), "Defendant's Response to Plaintiff's Motions for Preliminary Injunction" (Document No. 43-2, pp. 1 – 10), and the Exhibit to "Defendant's Response to Plaintiff's Motions for Preliminary Injunction" (Id., pp. 12 – 203). (Id.) In support, Defendant states that his Response to Plaintiff's Motions for Preliminary Injunction contains various exhibits that include confidential medical records of the Plaintiff. (Id.) Defendant contends that the "inclusion of these records is necessary to rebut the Plaintiff's Motions for Preliminary Injunction." (Id.) Defendant states that sealing of these records is necessary to protect Plaintiff's medical privacy. (Id.)

The undersigned is cognizant of the well-established Fourth Circuit precedent recognizing a presumption in favor of public access to judicial records. Ashcraft v. Conoco, Inc., 218 F.3d 288 (4th Cir. 2000). Before sealing a document, the Court must follow a three step process: (1) provide public notice of the request to seal; (2) consider less drastic alternative to sealing the document; and (3) provide specific reasons and factual findings supporting its decision to seal the documents

and for rejecting alternative. Id. at 302. Additionally, Rule 26.4(b)(1) of the Local Rules of Civil Procedure provides that a document should only be sealed in exceptional circumstances. LR Civ. P. 26.4(b)(1). Public access to Court documents "is necessary to allow interested parties to judge the Court's work product in the cases assigned to it." (Id.) Furthermore, the public has the common law right to inspect and copy judicial records and documents, and the right to access to judicial proceedings. Nixon v. Warner Communications, Inc., 435 U.S. 589, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978); In re Knight Publishing Company, 743 F.2d. 231, 235 (4th Cir. 1984). Pursuant to Rule 26.4(b)(2) of the Local Rules of Civil Procedure, a motion to seal must be accompanied by a memorandum of law setting forth the following:

(A)  The reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate;

(B)  The requested duration of the proposed seal; and

(C)  A discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals.

Based upon a review of the record, it is hereby **ORDERED** that Defendant's above Motion (Document No. 43) is **GRANTED in part and DENIED in part**. Although Defendant requests that her Motion to Extend (Document No. 43-1) and "Response to Plaintiff's Motions for Preliminary Injunction" (Document No. 43-2, pp. 1 – 10) be filed under seal, these documents do not contain any confidential or sensitive information. To the extent Defendant requests that her Motion to Extend (Document No. 43-1) and "Defendant's Response to Plaintiff's Motions for Preliminary Injunction" (Document No. 43-2, pp. 1 – 10) be filed under seal, Defendant's Motion is **DENIED**. To the extent Defendant requests that the Exhibit to "Defendant's Response to Plaintiff's Motions for Preliminary Injunction" (Document No. 43-2, pp. 12 – 203) be filed under

seal, Defendant's Motion is **GRANTED**. It is hereby **ORDERED** that the Exhibit to "Defendant's Response to Plaintiff's Motions for Preliminary Injunction" (Document No. 43-2, pp. 12 – 203) shall be filed under **SEAL**.

The Clerk is hereby directed to send a copy of this Order to the Plaintiff, who is acting *pro se*, and counsel of record.

ENTER: August 11, 2021.

Omar J. Aboulhosn
United States Magistrate Judge