IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRIANNA ANN SUNSHINE, *also
known as William Allen LaRue*,

               Plaintiff,

v.                                        CIVIL ACTION NO. 2:21-cv-00241

WILLIAM MARSHALL III, *Commissioner of
West Virginia Division of Corrections and Rehabilitation*,

               Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Plaintiff Brianna Ann Sunshine's Motion to Hold the Defendants in Civil Contempt of Court for Violating Court Order, Award Monetary Relief to Plaintiff, and Grant Other Relief* (Document 115), *Plaintiff Brianna Ann Sunshine's Motion to Hold the Defendants in Civil Contempt of Court for Violating Court Order, Award Monetary Relief to Plaintiff, and Grant Other Relief* (Document 116) (Second Motion), the *Defendant's Response in Opposition to Plaintiff's Motion for Civil Contempt* (Document 117), and *Defendant's Response in Opposition to Plaintiff's Second Motion for Civil Contempt* (Document 118).

The Plaintiff, Brianna Ann Sunshine, is a transgender female inmate in the custody of the West Virginia Division of Corrections and Rehabilitation (DCR). She sought access to female commissary items, among other things, in this litigation, and reached a settlement with the Defendant that she understood to permit her to access all commissary items that are available to biologically female inmates. (Settlement Agreement and Release, Document 101-1.) She

sought to enforce or vacate the settlement agreement when certain items were not made available to her, and the Court entered a *Memorandum Opinion and Order* (Document 114), finding that "the terms of the Settlement Agreement require that the Plaintiff be permitted to purchase all female commissary items available to female inmates within DCR custody." (Mem. Op. at 4-5.) The Court further noted that "the Defendants are not obligated to make available items not otherwise available from the commissary provider, items prohibited in punitive segregation, administrative segregation, or similar restrictions, and the Plaintiff may not use items possessed pursuant to the settlement agreement in a way that violates DCR policies." (*Id.* at 5.)

The Plaintiff now contends that the Defendant has violated the Court's order by "providing the Plaintiff with altered gray t-shirts which are not the exact same identical size and length that are provided to other female inmates in the custody of WVDCR." (Pl.'s First Mot. at 1.)[1] She further contends that the Defendant has failed to provide her with a current catalog of commissary items available to purchase, though other female inmates have access to such a catalog. (Pl.'s Second Mot. at 1.)

The Defendant explains that the Plaintiff was provided "the exact same type of state-issued grey t-shirts that other female inmates have." (Def.'s First Resp. at 5.) DCR staff learned that she "was wearing overly large gray t-shirts as dresses without pants and/or underwear and was 'flashing' other inmates in a provocative manner," and therefore ceased providing the mis-sized t-shirts. (*Id.*) The Defendant further states that it is not its practice to "give each inmate their own commissary catalog," and indicates that current commissary catalogs are available in each housing unit. (Def.'s Second Resp. at 4.) Items that are not available or authorized at a specific facility

---

1 The Plaintiff appears to be under the impression that all female inmates are provided the same sized shirt, regardless of size and body type, which is inconsistent with the evidence.

2

may be marked out, but the Defendant indicates that no commissary items available to other female inmates, as described in the Settlement Agreement and the Court's previous opinion, are marked out. The Defendant further requests that the Plaintiff be required to exhaust administrative remedies through the grievance process prior to filing further contempt motions.

The Court finds that administrative exhaustion is required, and the Plaintiff has not shown that she is entitled to relief under the facts presented. The Plaintiff's assertions regarding her clothing appear to be based on the *sizes* of clothing available to her. Nothing in the Settlement Agreement suggests she must be provided with clothing that does not fit properly. Likewise, nothing in the Settlement Agreement requires that she be provided with a personal copy of the commissary catalog or with access to items not available to other female inmates in DCR custody.

Even if her current allegations had potential merit, they cannot properly be filed in this closed case without exhaustion of administrative remedies. The Prison Litigation Reform Act (PLRA) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court explained that this provision has multiple purposes: to "afford[] corrections officials time and opportunity to address complaints internally," which may "obviate[e] the need for litigation," to "filter out some frivolous claims," and to generate "an administrative record that clarifies the contours of the controversy" for cases that do proceed to litigation. *Porter v. Nussle*, 534 U.S. 516, 524–25 (2002) (internal citations and punctuation omitted). The Plaintiff's complaints are precisely of the nature that can benefit from administrative exhaustion, either through early resolution or development of the record. Thus, the Court finds that the Plaintiff has

not established that she is entitled to relief, and her contempt motions should be denied. In addition, the Court advises the parties that further motions based on new events or conduct will not be entertained in this closed case.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Plaintiff Brianna Ann Sunshine's Motion to Hold the Defendants in Civil Contempt of Court for Violating Court Order, Award Monetary Relief to Plaintiff, and Grant Other Relief* (Document 115) and *Plaintiff Brianna Ann Sunshine's Motion to Hold the Defendants in Civil Contempt of Court for Violating Court Order, Award Monetary Relief to Plaintiff, and Grant Other Relief* (Document 116) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: March 20, 2024

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA